On Rehearing.
BREAUX, C. J.
[2] The court had jurisdiction; the amount of $1,400 is not the value of the land in dispute, although this court, in error, held that it was. Attention having been called to the error, on re-examination it developed that, in accordance with facts of record, the property was worth over-$2,000.
The judgment heretofore rendered, dismissing the appeal and reserving to appellant the right to transfer the case to the Court of Appeal, is avoided, annulled, and reversed; the case is reinstated on the docket for further consideration and decision.
BREAUX, C. J.
Plaintiff, in her petition,, charged that defendant is slandering her title by claiming that it owns her lands, described as lots 1 and 2 in section 36, township 14 S., range 10, containing 95.62 acres,, fronting on Grand Lake, St. Mary’s parish. Plaintiff acquired title from the succession of her husband, Bernard Miller. The husband, years ago, obtained a patent to the land, from the state of Louisiana.
The defendant filed an exception of want of possession in plaintiff necessary to enable-her to maintain her jactitation suit. The exception was referred to the merits by the court.
In the answer, the defendant claimed as. *665 purchaser from the heirs of Leo Tarleton in the year 1903. Leo Tarleton acquired from Thomas Evans in 1889; Thomas Evans from Wm. Rabe, July 9, 1850; Rabe from Hickey in 1S49; and Hickey acquired from the federal government by certificate under the pre-emption laws.
The lands bought by Hickey from the federal government are described as fractional section 36 in township 14 south of range 10 east, in the district of lands subject to sale at Opelousas, La., containing 191.30 acres, according to the official plat of the survey of the land. Both plaintiff’s and defendant’s tracts are cypress and swamp lands.
The court heard evidence on the trial, but •only sustained the exception of want of possession in plaintiff to enable her to maintain her action, and in that manner did not •decide the case on the merits.
[3] From the weight of the testimony, we are led to the conclusion that plaintiff had sufficient possession to maintain her action. Plaintiff had wood cut on the land for fuel purposes at his sugar house; pieux were made thereon, and staves for barrels and hogsheads; from 1882 to 1900, work was done on the place for the owner, tie sold trees from the land described above as owned by plaintiff.
A short time after the death of plaintiff, an inventory was taken of the property, and the property was described therein as owned by the succession; plaintiff always paid taxes until 190S.
All these and other facts sustain the proposition that plaintiff had possession. As to the payment of taxes year after year, it certainly shows an intention to maintain pos.session.
Defendant virtually admitted that plaintiff had gone into possession of land in the vicinity at one time years ago. The ground of •defense is that, while plaintiff may have taken timber from one of the tracts of land fronting on Grand Lake, neither the plaintiff nor her husband before her went into possession of lots 1 and 2 of section 36 before mentioned; that they had possession of the other lands than 1 and 2, and were not aware of the fact. The defendant’s insistence is that those two lots are the N. y2 of fractional section 36, and that plaintiff did not go into possession of that portion of the section. Wherever these lots are, they are the same as described in plaintiff’s patent. Johnson, surveyor, located the land under the patent as testified to by witnesses. A surveyor, Bernhardt, also surveyed the land after Johnson, and refers in his map to certain corners in the Johnson survey.
W. E. Gardner, an employé of defendant since a number of years, attending to their swamp interests, making their estimation of timber in the swamps, swore in regard to certain lines and located these lines west of these lots; and they did not embrace the lands in dispute as the lands of defendant.
One of the witnesses, Dave Erlich, swore he contracted with plaintiff’s husband for certain cypress trees in 1905, and the plaintiff went on the land, and the owner pointed out the land near the shores of Grand Lake and Yellow bayou, called lots 1 and 2.
There is other evidence to the same effect.
[4] There were specific acts of possession. One of them years ago, during a period of at least three months. Since the actual possession, there has been no adverse possession'. Plaintiff and her predecessor always claimed as owners. Possession, once acquired, may be preserved by the mere intention of the possessor. The following is plain, and should not be construed otherwise than ■it reads:
“When a person has once acquired possession of a thing by corporeal detention of it, the intention he has of possessing it serves to preserve the possession in him although he may *667 have ceased to have the thing in actual custody.” Civil Code, 3442.
“The intention of retaining possession is always supposed where the contrary intention does not appear.” Civil Code, 3443.
Even the defendant admits that plaintiff went into possession; it adds, however, not of the land in controversy, but of other lands near by. Upon that error, it pins its hope of sustaining the proposition that plaintiff did not have possession of the land in controversy.
We will mention one fact sufficient to maintain the contrary. Miller’s Point is well indicated on the plat; that point is in sections 1 or 2, of which plaintiff claims ownership and avers she has possession, and that is the point at which the farm hands of her husband worked at cutting down trees and working them up.
The suit having been dismissed, as before stated, on the exception of defendant, it follows that it never was tried on the merits. It must be remanded to be tried on the merits. The alleged error in the government survey has never been examined into through the measurement of a surveyor appointed by the court contradictorily with the parties concerned.
Moreover, the decision in Atchafalaya Land Co. v. Brownell-Drews Lumber Co., 58 South. 500,[1] recently handed down, goes much further than there is necessity of going in this case. The rule of practice therein laid down has great weight here.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, and exception is overruled. The case is' remanded, to be proceeded with according to law. Costs of appeal to be paid by appellees. Costs of district court to abide final decision in the case.

 Ante, p. 657.